**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

JOSE MEDINA CAMACHO, on behalf of himself and all others similarly situated,

Plaintiff,

v.

PEOPLECONNECT, INC., a Delaware corporation; INTELIUS LLC, a Delaware limited liability company; and THE CONTROL GROUP MEDIA COMPANY, LLC,

Defendants.

No. 2:21-cv-01074

**FIRST AMENDED CLASS ACTION COMPLAINT**

JURY DEMAND

Plaintiff Jose Medina Camacho brings this First Amended Class Action Complaint against Defendants PeopleConnect, Inc. ("PeopleConnect"), Intelius LLC ("Intelius"), and The Control Group Media Company, LLC ("TCG") to put an end to Defendants' unlawful practice of using the names and identities of Alabama residents without their consent in order to promote Defendants' services. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his own attorneys.

## NATURE OF THE ACTION

1. Defendants operate or operated two websites—Intelius.com and USSearch.com—that purport to sell access to databases containing proprietary "detailed reports" about people to anybody willing to pay for a monthly subscription.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

2. To market their services, Defendants encourage consumers to perform a free "people search" on their websites. When consumers perform a free search for an individual—by typing the individual's first and last name into the search bar—Defendants display webpages featuring the searched individual's full name alongside certain uniquely identifying information, including age, location, and names of relatives. The purpose of these pages is twofold: first, they show potential customers that Defendants' database contains detailed reports for the *specific* individual they searched for and represent that the detailed report contains much more information about the individual than the "free" report; and second, they offer to sell them a paid subscription to their services, where they can access detailed reports about *anybody* in their database. In other words, Defendants do not offer to sell detailed reports about the individuals searched on their websites, but rather, use their identities to sell subscriptions to Defendants' paid services.

3. Unsurprisingly, the people appearing in these advertisements never provided Defendants with their consent (written or otherwise) to use their identities for any reason, let alone for Defendants' own marketing and commercial purposes.

4. Defendants knowingly search for and obtain identifying information on Alabama residents. Indeed, this lawsuit revolves around Defendants' business practice of acquiring identifying information about Alabama residents with the specific intent of selling access to that information to its customers.

5. Defendants compile and generate the content they advertise and sell on their websites.

6. Defendants violated—and through their on-going operation and control of the websites at issue, Intelius and TCG continue to violate—the Alabama Right of Publicity Act ("ARPA" or the "Act"), Ala. Code § 6-5-770, *et seq.* by using the full names and other aspects of the identities of Alabama residents in Defendants' advertisements and marketing strategy without consent and for Defendants' commercial gain.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## PARTIES

7. Plaintiff Jose Medina Camacho is a natural person and a resident of the State of Alabama.

8. Defendant PeopleConnect, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101.

9. Defendant Intelius LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business also located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101.

10. Defendant The Control Group Media Company LLC ("TCG") is a limited liability company existing under the laws of the State of Delaware with its principal place of business located at 600 B Street, Suite 900, San Diego, California 92101. TCG operates under a fictitious business name of "PeopleConnect."

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 members of the Class, defined below, many of which are citizens of a different state than Defendants. Defendants are citizens of Washington, where they maintain their principal place of business.

12. The Western District of Washington has personal jurisdiction over Defendants because PeopleConnect, Inc. is headquartered within this District and all Defendants conduct and/or conducted substantial business in this District.

13. Venue is proper in this Court under 28 U.S.C. § 1391 because PeopleConnect is headquartered and resides in this District, its senior officers are located in this District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## COMMON FACTUAL ALLEGATIONS

***The Alabama Right of Publicity Act***

14. In 2015, the Alabama Legislature recognized that every person has the "right of publicity in any indicia of identity," Ala. Code § 6-5-771(3), and as a result, passed the ARPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

15. The Act protects individuals from the unauthorized use of any of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, voices, or a substantially similar limitation of one or more of those attributes in the sale or advertisement of products, goods, merchandise, and services.

16. In fact, the ARPA states that, "any person or entity who uses or causes the use of the indicia of identity of a person . . . for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services . . . without consent shall be liable under this article to that person, or to a holder of that person's rights." Ala. Code § 6-5-772(a).

17. Notably, the ARPA provides a right of publicity "in any indicia of identity . . . whether or not famous," Ala. Code § 6-5-771(3), as well as liability for persons or entities who wrongfully use another person's indicia of identity "whether the use is for profit or not for profit." Ala. Code § 6-5-772(b).

***Defendants Use Individuals' Identities to Promote Their Paid Subscription Service.***

18. TCG controls and operates four "people search" websites: TruthFinder, Intelius, Instant Checkmate, and US Search (the "People Search Websites").

19. TCG designed each of the People Search Websites to operate in a substantially similar way: to misappropriate consumers' identities for its own commercial gain by using Plaintiff's and the Class's identities in conjunction with an offer to purchase a paid subscription to access its database—entirely without their knowledge or consent.

20. TCG created and controls the marketing and advertising of all the People Search Websites, including the nearly-identical Marketing Page solicitations at issue in this case. TCG

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

also controls many other operational aspects of each of the People Search Websites. This includes, for example, the Websites' use of virtually identical customer agreements and notices, the same graphical interface features and site layouts, and the same databases and other resources to respond to searches performed on the websites.

21. Two People Search Websites are at issue in this case. The first is Intelius.com, a website that sells access to comprehensive background reports "on just about anyone." The reports are compiled in part from databases and public record repositories.

22. Subscriptions that let users access Intelius reports must be purchased from the Intelius.com website. Once a subscription is purchased, users may access individual reports that may include high value information including, *inter alia*, the individual's address, birth date, marriage records, and criminal history.

23. As shown in Figure 1 below, when a consumer visits Intelius.com and searches for an individual by using their first and last name, Intelius.com displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying information such as each individual's current age, location, and names of their immediate family members (the "Intelius Marketing Page").

BEST RESULT
Jose D. Camacho
BIRMINGHAM, AL
31
Birmingham, AL
Fort Payne, AL
Homewood, AL
Bellflower, CA
Pinson, AL
Pacifica, CA
Salem, OR
Israel Camacho
OPEN REPORT
Best Results are based on the questions you answered: Name Location

(**Figure 1.**)

24. Once a consumer selects an individual (by clicking "Open Report") from the Intelius Marketing Page, Intelius displays a checkout page with two offers to purchase a subscription to the website: (i) a "MOST POPULAR" tier costing $24.86 per month with access to one month of unlimited reports and (ii) the "Power User" tier costing $42.25, with access to two months of unlimited reports. *See* Figure 2.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992



(**Figure 2.**)

25. The second People Search Website at issue here is USSearch.com, a website that also sells access to comprehensive background reports "on just about anyone." The reports are compiled in part from databases and public record repositories.

26. The information available on and through US Search is accessed in the same way as that available on and through Intelius. Subscriptions that let users access US Search reports must be purchased from the US Search website and may include high value information including, *inter alia*, the individual's address, birth date, marriage records, and criminal history.

27. As shown in Figure 3 below, when a consumer visits USSearch.com and searches for an individual by using their first and last name, USSearch.com displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying information such as each individual's current age, location, and names of their immediate family members (the "US Search Marketing Page").

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| Jose D. Camacho | 31 | Birmingham, AL<br>Fort Payne, AL<br>Homewood, AL<br>Bellflower, CA<br>Pinson, AL<br>Pacifica, CA<br>Salem, OR | Israel Camacho | GET YOUR REPORT |
|---|---|---|---|---|

(**Figure 3.**)

28. Once a consumer selects an individual (by clicking "Get Your Report") from the US Search Marketing Page, the US Search website displays a checkout page with an offer to purchase subscriptions: a 5-day trial costing $1.99 with access to unlimited reports, with a monthly subscription costing $19.86 per month thereafter. *See* Figure 4.

**1. Offer Details**

RECOMMENDED!
5-day Trial*
Includes UNLIMITED Reports

$1.99* today
then $19.86/mo

(**Figure 4.**)

29. While a consumer may visit either Intelius.com or USSearch.com hoping to search for information on one specific individual, both People Search Websites ultimately offer for sale an entirely different product. Neither Intelius.com nor USSearch.com offers for sale only a report on the searched individual. Instead, the websites offer for sale a monthly subscription service that grants the purchaser unlimited access to background reports on anybody in the websites' database. The searched for individual's report is a small part of a large database with reports on millions of people. On information and belief, the database that users can access through Intelius.com and USSearch.com is identical.

30. In this way, Defendants misappropriated people's identities (individuals' names and other identifying information such as their age, location, and known relatives) for their own

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

commercial benefit (i.e., to market and promote a monthly subscription to access unlimited reports on individuals in the Intelius.com and USSearch.com database).

31. Most importantly, Defendants never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendants never notified Plaintiff and Class members that their names would appear on the Intelius or US Search Marketing Pages in conjunction with an offer to purchase subscription access to Defendants' database of reports. Moreover, Plaintiff and the Class members have no relationship with PeopleConnect or Intelius whatsoever.

32. PeopleConnect, Inc., together with TCG and Intelius, operated and controlled Intelius.com and USSearch.com until July 2021. On or after July 2021, Intelius.com and USSearch.com were solely controlled and operated by TCG and Intelius. But during both time periods, the Intelius.com and USSearch.com Websites operated as described herein.

33. Accordingly, Plaintiff, on behalf of himself and other similarly situated Alabama residents, bring this action against Defendants for their violations of the ARPA, and seek (1) injunctive relief requiring Defendants Intelius and TCG to cease using Alabama residents' identities for commercial purposes, including on any Marketing Pages, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

**<u>FACTS SPECIFIC TO PLAINTIFF JOSE MEDINA CAMACHO</u>**

34. Plaintiff Jose Medina Camacho discovered that Defendants were using his identity to solicit the purchase of paid subscriptions to Intelius.com and USSearch.com.

35. Beginning in at least May 2021 and continuing into and after July 2021, Defendants specifically identified Plaintiff by his full name, age, location, and names of immediate family members on the Intelius and US Search Marketing Pages. *See* Figures 1 and 3.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

36. Plaintiff never provided Defendants with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized Defendants to use his identity to promote any of their products or services.

37. Plaintiff is not and has never been a customer of any of Defendants' websites. In fact, has no relationship with PeopleConnect, Intelius, or TCG whatsoever.

## CLASS ALLEGATIONS

38. **Class Definition**: Plaintiff Jose Medina Camacho brings this action on behalf of himself and four Classes defined as follows:

> **The PeopleConnect Intelius Class:** All Alabama residents (1) whose identities were displayed on the Intelius Marketing Page prior to July 2021, and (2) who have never purchased any products or services on Intelius.com.
>
> **The Intelius Class:** All Alabama residents (1) whose identities were displayed on the Intelius Marketing Page in or after July 2021, and (2) who have never purchased any products or services on Intelius.com.
>
> **The PeopleConnect US Search Class:** All Alabama residents (1) whose identities were displayed on the US Search Marketing Page prior to July 2021, and (2) who have never purchased any products or services on USSearch.com.
>
> **The US Search Class:** All Alabama residents (1) whose identities were displayed on the US Search Marketing Page in or after July 2021, and (2) who have never purchased any products or services on USSearch.com.

39. Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

40. **Numerosity**: The exact number of Intelius and US Search Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Members of the Classes can be identified through Defendants' records.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Classes, and those questions predominate over any questions that may affect individual members of the Intelius and US Search Classes. Common questions for the Classes include, but are not necessarily limited to the following:

a. Whether Defendants used Plaintiff's and Intelius and US Search Class members' names and identities for a commercial purpose;

b. Whether Plaintiff and members of the Intelius and US Search Classes provided their written consent to Defendants to use their names and identities in advertisements;

c. Whether the conduct described herein constitutes a violation of the ARPA; and

d. Whether Plaintiff and the members of the Intelius and US Search Classes are entitled to injunctive relief.

42. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct.

43. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defense unique to Plaintiff.

44. **Policies Generally Applicable to the Intelius and US Search Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Intelius and US Search Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Intelius and US Search Classes and making final injunctive relief appropriate with respect to the Intelius and US Search Classes as a whole. Defendants' policies challenged herein apply and affect members of the Intelius and US Search Classes uniformly and Plaintiff's

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

challenge of these policies hinges on Defendants' conduct with respect to the Intelius and US Search Classes as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Intelius and US Search Classes have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

**45.** **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
## Violation of the Alabama Right of Publicity Act, Ala. Code § 6-5-770 *et seq.*
## (On behalf of Plaintiff and the Classes)

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. The ARPA prohibits using a person's name, image, or likeness for the purpose of advertising or promoting products, merchandise, goods or services without consent. *See* Ala. Code § 6-5-772.

48. Defendants sold and/or sell subscription-based access to their databases containing detailed reports about people.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

49. As described above, to promote those reports, Defendants used and/or use Plaintiff's and the putative class members' identities on their various Marketing Pages, which display the individuals found within their records that match the searched name, alongside uniquely identifying information such as each person's current age, location, and names of their immediate family members. This information served and/or serves to identify the individual and demonstrate that there are detailed reports in their databases for the person they searched for.

50. The Marketing Pages have a commercial purpose in that they promote the Defendants' website and encourage potential customers to purchase paid subscriptions to access reports in their database.

51. Plaintiff and the members of the Classes never provided Defendants with their consent to use their identities in advertisements for Defendants' paid subscriptions.

52. Defendants deprived Plaintiff and the Class members of control over whether and how their names can be used for commercial purposes.

53. Based upon Defendants' violation of the ARPA, Plaintiff and the members of the Classes are entitled to (1) an injunction on behalf of the Intelius and US Search Classes requiring Defendants Intelius and TCG to cease using their names and any attributes of their identities to advertise their products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $5,000 per violation to the members of the Classes, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Medina Camacho, individually and on behalf of the Class, prays that the Court enter an Order:

A. Certifying this case as a class action defined above, appointing Jose Medina Camacho as Class Representative, and appointing his counsel as Class Counsel;

B. Declaring that Defendants' actions described herein constitute a violation of the ARPA;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

C. Awarding injunctive and other equitable relief as necessary to protect the interest of the Intelius and US Search Classes, including, *inter alia*, an order prohibiting Defendants Intelius and TCG from engaging in the wrongful and unlawful acts described herein;

D. Awarding the greater of actual damages, including the profits derived from the wrongful and unlawful acts described herein, or statutory damages in the amount of $5,000 per violation, to the members of the Classes;

E. Awarding punitive damages where applicable;

F. Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Classes pre- and post-judgment interest; and

H. Granting such other and further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiff individually and on behalf of the Classes, demands a trial by jury for all issues so triable.

DATED this 28th day of October, 2021.

Respectfully submitted,

**JOSE MEDINA CAMACHO**, individually and on behalf of all others similarly situated,

By: */s/Kim D. Stephens*
Kim D. Stephens, WSBA #11984
*/s/Cecily C. Jordan*
Cecily C. Jordan, WSBA #50061

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: (206) 682-5600
Fax: (206) 682-2992
kstephens@tousley.com
cjordan@tousley.com

Benjamin H. Richman (Admitted *Pro Hac Vice*)
Ari J. Scharg (Admitted *Pro Hac Vice*)
Benjamin Thomassen (Admitted *Pro Hac Vice*)
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
brichman@edelson.com
ascharg@edelson.com
bthomassen@edelson.com

Kevin Tucker (He/Him) (Admitted *Pro Hac Vice*)
Kevin Abramowicz (He/Him) (Admitted *Pro Hac Vice*)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
Fax. (412) 626-7101
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com

AMENDED CLASS ACTION COMPLAINT – Page 14
CASE NO. 2:21-cv-01074

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992